UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**BUILDING TRADES UNITED PENSION TRUST FUND,**
**and DOUG EDWARDS (in his capacity as Trustee),**

    Plaintiffs,

v.                                                    Case No.  22-CV-478

**JACOB GRAMS d/b/a CONCRETE SERVICE COMPANY,**

    Defendant.

---

## COMPLAINT

---

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Christopher J. Ahrens, and as and for a cause of action against the Defendant, allege and show to the court the following:

### Jurisdiction and Venue

1. Jurisdiction of this Court upon Jacob Grams d/b/a Concrete Service Company (hereinafter "Concrete Service") is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), in that the Plaintiffs are aggrieved by said Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and said Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), and the terms and provisions of the employee benefit plans.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that Defendant's business is located in Dane County, Wisconsin.

**Parties**

3. Plaintiff Building Trades United Pension Trust Fund is an employee benefit plan within the meaning of ERISA Sections 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said Plan. Said Plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

4. Plaintiff Doug Edwards is a trustee and fiduciary of the Building Trades United Pension Trust Fund and as such has standing to be a plaintiff in this action. Mr. Edwards maintains an office at 3300 South 103rd St., Milwaukee, Wisconsin 53227.

5. Defendant Concrete Service is a sole proprietor engaged in business with its principal office and residence located at 780 U.S. Highway 51, Stoughton, Wisconsin 53589.

**Facts**

6. Concrete Service is an employer and party in interest in an industry affecting commerce within the meaning of ERISA Sections 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

7. For all times relevant, Concrete Service was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") with the Wisconsin Laborers District Council of Wisconsin ("Union").

8. The Union represents, for purposes of collective bargaining, certain Concrete Service employees and employees of other employers in industries affecting

interstate commerce within the meaning of Labor Management Relations Act ("LMRA") Sections 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

9. The Labor Agreements described herein contain provisions whereby Concrete Service agreed to make timely payments to the Plaintiff benefit fund ("Fund") for each employee covered by said Labor Agreements.

10. By execution of said Labor Agreements, Concrete Service adopted the trust agreement and amendments thereof which establish and govern the Fund and are necessary for its administration and designated as its representatives on the Board of Trustees such trustees as have been named and appointed pursuant to said trust agreement, together with their successors selected in the manner provided in such trust agreement, thereby ratifying all actions already taken or to be taken within the scope of their authority.

11. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreement and the rules and regulations heretofore and hereafter adopted by the trustees of said trust fund, Concrete Service has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to Plaintiff for each employee covered by the aforementioned Labor Agreements;

    b. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

      c.      to adopt and abide by all of the rules and regulations adopted by the trustees of the employee benefit plan pursuant to the trust agreement;

      d.      to adopt and abide by all of the actions of the trustees in administering the employee benefit plan in accordance with the trust agreement and the rules so adopted;

      e.      to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions;

      f.      to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney's fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages; and

      g.      to provide access to all books and records necessary to perform regular audits of Concrete Service's contributions to the Fund.

12. Concrete Service has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreement by, although not necessarily limited to:

      a.      making regular and timely payments to the Fund; and

      b.      refusing to allow Plaintiffs' auditor access to books and records necessary to perform an audit billing.

13. ERISA § 502(g) (2), as amended by the MPPAA, provides:

(2)    In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

    (A)    the unpaid contributions,

    (B)    interest on the unpaid contributions,

    (C)    an amount equal to the greater of --

        (i)    interest on the unpaid contributions, or

        (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D)    reasonable attorney's fees and costs of this action, to be paid by the defendant, and

    (E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

14. ERISA § 515 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

15. Despite demands that Concrete Service perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed, neglected, omitted, and refused to make its required payments. Concrete Service is now indebted to the Fund as follows:

**Audited period April 1, 2021, through June 30, 2021:**

Building Trades United Pension Trust Fund        $4,385.89

**Claim One - Against Defendant Jacob Grams d/b/a Concrete Service Company for Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)**

16. As and for a claim for relief against Defendant Concrete Service, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 15 above and incorporate the same as though fully set forth herein word for word.

17. Due demand has been made by the Fund upon Concrete Service for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

18. Because, as the Plaintiffs are informed and believe, Concrete Service has not made timely and prompt contributions on behalf of all covered employees, the corpus of Plaintiff's trust fund is reduced, Plaintiff's income is reduced, and its ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and Plaintiff's employee benefit plan has been violated, and the Fund is entitled to all of the remedies provided by ERISA.

19. Because Concrete Service has failed to make timely and prompt contributions, some of the Plaintiff's beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, Plaintiffs demand the following relief:

1. Judgment on behalf of the Plaintiffs and against Concrete Service Company:

    A. For $4,385.89 in unpaid contributions, interest, and liquidated damages owed to the Building Trades United Pension Trust Fund for audit period April 1, 2021, to June 30, 2021

    B. For unpaid contributions, interest, and liquidated damages becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    C. Actual attorney fees and the costs of this action.

2. For such other, further or different relief as the Court deems just and proper.

Dated this 29th day of August, 2022.

>s/Christopher J. Ahrens
>Christopher J. Ahrens (SBN:1043237)
>Alex J. Sterling (SBN:1107931)
>The Previant Law Firm, S.C.
>310 West Wisconsin Avenue, Suite 100 MW
>Milwaukee, WI 53203
>414-223-0425 (Telephone)
>414-271-6308 (Fax)
>Email: cja@previant.com
>Attorneys for the Plaintiffs